UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2005 JUN 23 P 2: 54

U.S. DISTRICT CT
DIS. OF CT.

| | |
|---|---|
| DEBRA A. BOHONOWICZ,<br>Plaintiff,<br><br>v.<br><br>CAREY'S FLOWERS, A<br>Corporation Duly Established Under<br>The Laws of the Commonwealth<br>Of Massachusetts,<br><br>JAMES CAREY, In His<br>Capacity as Owner and President<br>of Carey's Flowers,<br><br>RALPH LIEBRO, Both Individually<br>And As Agent For Carey's Flowers,<br>Defendants | **COMPLAINT**<br><br>CA. 05 - 30148 - MAP |

## INTRODUCTION

This is an action to redress the deprivation of basic constitutional rights of

the plaintiff, DEBRA BOHONOWICZ by her employer, CAREY'S FLOWERS

and JAMES CAREY and by RALPH LIEBRO, both as agent for the employer

and individually brought pursuant to The American Disabilities Act, 42 United

States Code, Section 12208 and under 42 United States Code, Section 2000e, et

seq., sexual discrimination and harassment; and under Massachusetts General

Law, Chapter 151B, discrimination based upon sexual harassment, the creation of

a hostile work environment, handicapped discrimination and retaliation.

The Plaintiff Debra Bohonowicz seeks compensatory and punitive damages and recovery of reasonable attorney's fees for the actions of Carey's Flowers, James Carey, and Ralph Liebro.

The plaintiff has sought and received permission to sue both from the Equal Employment Opportunity Commission and the Massachusetts Commission Against Discrimination.

## JURISDICTION

This is an action brought pursuant to 42 U.S.C. Sections 2000e et seq, sexual discrimination; 42 United States Code, Section 12208, American Disabilities Act and Massachusetts General Law, and Chapter 151B, discrimination based upon sexual harassment, the creation of a hostile work environment, handicapped discrimination and retaliation; and under the Fifth and Fourteenth Amendments to the United States Constitution.

This court has jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendant jurisdiction of this Court to consider claims arising under State law.

## PARTIES

1.      Plaintiff, Debra Bohonowicz is a natural person who resides at 192 Westbrook Road, Whatley, MA.

2.      Defendant Carey's Flowers, Inc. is a corporation incorporated under the laws of the Commonwealth of Massachusetts located at 300 Newton Street, South Hadley, MA.

3.      Defendant James Carey is natural person residing at 88 Pine Grove Drive, South Hadley, MA.

4.      Defendant Ralph Liebro is a natural person residing at 14 Chester Street, West Springfield, MA.

## STATEMENT OF FACTS

5.      In approximately February of 1993, the plaintiff, Ms. Debra A. Bohonowicz was hired by Carey's Flowers as a designer.

6.      Ms. Bohonowicz worked for Carey's Flowers for approximately ten years without complaint.

7.      In 1996, Ms. Bohonowicz began a relationship with one of the other employees at Defendant Carey's Flowers, the Defendant, Ralph Liebro.

8.      This relationship lasted approximately two years.

3

9. Upon breaking off the relationship with Mr. Liebro in 1998, the work environment at Carey's became so hostile that Ms. Bohonowicz became emotionally ill and was told by her therapist not to work until she recovered from her disability.

10. In spite of providing documentation to the Defendant Carey's Flowers and James Carey, she was terminated from her employment at Carey's Flowers on August 22, 2003, after ten years of employment.

11. Defendant James Carey attempted to deny Plaintiff Ms. Bohonowicz unemployment, which was eventually allowed by the Massachusetts Department of Employment and Training.

12. Upon breaking off the relationship with Defendant Mr. Liebro, Mr. Liebro began to tell stories in the work place about her husband's sexual preferences to other employees.

13. This all got back to Ms. Bohonowicz, who was deeply disturbed by these rumors.

14. Ms. Bohonowicz was also cornered in the back room by Defendant Liebro who repeatedly said inappropriate things to her of a sexual nature.

15. At one point in time there were pictures of the plaintiff's ex-husband posted on the wall with holes in the pictures.

4

16.    All these acts of hostility and harassment were reported by the Plaintiff to the Defendant Mr. James Carey immediately.

17.    The Defendant James Carey did not take any action against Defendant Mr. Liebro and actually denied that the acts of Mr. Liebro constituted harassment.

18.    On one occasion, the Defendant James Carey told the Plaintiff, Ms. Bohonowicz that her accusations might backfire.

19.    Mr. Liebro was considered a very talented designer and was always given preferential treatment by the Defendants Carey's Flowers and by James Carey.

20.    It was always made clear to Ms. Bohonowicz that Mr. Liebro was never going to be let go.

21.    Due to the Plaintiff's complaints, her working relationship with her fellow co-workers deteriorated.

22.    Other employees began to ignore Ms. Bohonowicz creating a hostile work environment.

23.    This atmosphere at work caused the Ms. Bohonowicz to lose weight, get migraine headaches and suffer from depression.

5

24.    This work atmosphere caused the Plaintiff to suffer from a mental Illness.

25.    No reasonable accommodation was made by the defendant Carey's Flowers and by Defendant James Carey regarding the Plaintiff's illness.

26.    During this time period, Ms. Bohonowicz was left out of important work meetings, information necessary to her work was withheld and she was left out of other work related activities.

27.    The above-enumerated unlawful activities performed by Defendant Carey's Flowers and its employees, and by Defendants James Carey and by Ralph Liebro constituted emotional abuse, both intentional and negligent, and were inflicted upon Ms. Bohonowicz without legal justification or excuse.

28.    Furthermore, the injuries that Ms. Bohonowicz sustained were a proximate result of the actions of Defendant Carey's Flowers and its employees, and by Defendants James Carey and by Ralph Liebro.

29.    As a direct and proximate result of the illegal acts, omissions and procedures of Defendant Carey's Flowers and its employees, and by Defendants James Carey and by Ralph Liebro, the Plaintiff, suffered severe emotional distress.

6

30.     Ever since these incidents at work, Ms. Bohonowicz has been suffering from Posttraumatic Stress Disorder exhibiting symptoms including but not limited to distressing recollections of the event and distressing dreams of the event, and experiencing the event and psychological distress at exposure to events that resemble the traumatic event.

31.     Finally, due to the severity of the event, Ms. Bohonowicz has sought both psychological and psychiatric help.

## COUNT I
## Sexual Harassment
## (42 U.S.C. Section 2000e, et seq)

32.     The Plaintiff reavers the allegations of paragraphs 1 to 31 of this complaint.

33.     The Defendants Carey's Flower, James Carey, and Ralph Liebro did violate the federally protected civil rights of the Plaintiff Debra Bohonowicz and 42 U.S.C., Sec. 2000e, et seq. and by amendments I, IV, V and XIV of the Constitution of the United States of America in the manner and by the acts set forth hereinafter in this count.

34.    The Defendants Carey Flowers, James Carey and Ralph Liebro sexually harassed the Plaintiff by committing sexual misconduct by interfering with the Plaintiff's work performance by creating an intimidating, hostile and offensive work environment.

35.    This conduct consisted of allowing a pervasive atmosphere of sexually offensive conduct, which interfered with the Plaintiff's work environment.

36.    As a result of the acts of the Defendants, Carey's Flowers, James Carey, and Ralph Liebro, the Plaintiff Debra Bohonowicz suffered emotional injury, embarrassment and humiliation and psychological harm.

Wherefore, the Plaintiff demands judgment against the Defendants Carey's Flowers, James Carey, and Ralph Liebro and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

## COUNT II
### Sexual Harassment
### (G.L.c. 151B, Sec. 4(16A)

37.    The Plaintiff reavers the allegations of paragraphs 1 to 36 of this complaint.

38.    The Defendants Carey's Flowers, James Carey, and Ralph Liebro did violate under the laws of the Commonwealth of Massachusetts and under G.L. c. 151B, Sec. 4(16A) the protected civil rights of the Plaintiff Debra Bohonowicz in the manner and by the acts set forth hereinafter in this count.

8

39.    The Defendants Carey's Flowers, James Carey, and Ralph Liebro sexually harassed the Plaintiff by committing sexual misconduct by interfering with the Plaintiff's work performance by creating an intimidating, hostile and offensive work environment.

40.    This conduct consisted of allowing a pervasive atmosphere of sexually offensive conduct, which interfered with the Plaintiff's work environment.

41.    As a result of the acts of the defendants Carey's Flowers, James Carey, and Ralph Liebro the Plaintiff Debra Bohonowicz suffered emotional injury, embarrassment, humiliation and psychological harm.

Wherefore, the Plaintiff demands judgment against the Defendants Carey's Flowers, James Carey, and Ralph Liebro and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

## COUNT III
### Sexual Discrimination
### (42 U.S.C. Section 2000e, et seq)

42.    The Plaintiff reavers the allegations of paragraphs 1 to 41 of this complaint.

43.    The Defendants Carey's Flowers, James Carey, and Ralph Liebro did violate the federally protected civil rights of the Plaintiff Debra Bohonowicz and 42 U.S.C., Sec. 2000e, et seq. and by amendments I, IV, V and XIV of the Constitution of

9

the United States of America in the manner and by the acts set forth hereinafter in this count.

44.    The Defendants Carey's Flowers, James Carey, and Ralph Liebro sexually discriminated against the Plaintiff by creating disparate conditions of employment between employees based solely upon the gender of the employee.

45.    This conduct consisted of Defendant James Carey in his capacity of Owner and President of Carey's Flowers giving less favorable conditions of employment to Ms. Bohonowicz merely because of her gender.

46.    As a result of the acts of the Defendants Carey's Flowers, James Carey, and Ralph Liebro, the plaintiff Debra Bohonowicz suffered emotional injury, embarrassment, humiliation and psychological harm.

Wherefore, the Plaintiff demands judgment against the Defendants Carey's Flowers, James Carey, and Ralph Liebro and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

## COUNT IV
## Sexual Harassment
## (G.L.c. 151B, Sec. 4(16A)

47.    The Plaintiff reavers the allegations of paragraphs 1 to 46 of this complaint.

10

48.     The Defendants Carey's Flowers, James Carey, and Ralph Liebro did violate under the laws of the Commonwealth of Massachusetts and under G.L. c. 151B, Sec. 4(16A) the protected civil rights of the Plaintiff Debra Bohonowicz in the manner and by the acts set forth hereinafter in this count.

49.     The Defendants Carey's Flowers, James Carey, and Ralph Liebro sexually discriminated against the Plaintiff by creating disparate conditions of employment between employees based solely upon the gender of the employee.

50.     This conduct consisted of Defendant James Carey in his capacity of Owner and President of Carey's Flowers giving less favorable conditions of employment to the Plaintiff Debra Bohonowicz merely because of her gender.

51.     As a result of the acts of the Defendants Carey's Flowers, James Carey, and Ralph Liebro, the Plaintiff Debra Bohonowicz suffered emotional injury, embarrassment and humiliation and psychological harm.

Wherefore, the Plaintiff demands judgment against the Defendants Carey's Flowers, James Carey, and Ralph Liebro and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

## COUNT V
### Intentional Infliction of Emotional Distress

52.    The Plaintiff affirms and realleges the allegations of Paragraphs 1 through 51.

53.    The Defendants Carey's Flowers, James Carey, and Ralph Liebro, did intentionally cause the Plaintiff Debra Bohonowicz to suffer emotional distress through their actions.

54.    As a result of the acts of the Defendants Carey's Flowers, James Carey, and Ralph Liebro, the Plaintiff Debra Bohonowicz suffered emotional injury, embarrassment and humiliation and psychological harm.

Wherefore, the Plaintiff demands judgment against the Defendants Carey's Flowers, James Carey, and Ralph Liebro and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

## COUNT VI
### Negligent Infliction of Emotional Distress

55.    The Plaintiff affirms and realleges the allegations of Paragraphs 1 through 54.

12

56.    The Defendants Carey's Flowers, James Carey, and Ralph Liebro, did negligently cause the Plaintiff Debra Bohonowicz to suffer emotional distress through their actions.

57.    As a result of the acts of the Defendants Carey's Flowers, James Carey, and Ralph Liebro, the Plaintiff Debra Bohonowicz suffered emotional injury, embarrassment and humiliation and psychological harm.

Wherefore, the Plaintiff demands judgment against the Defendants Carey's Flowers, James Carey, and Ralph Liebro and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

### COUNT VII

### Violation of American with Disabilities Act
### (42 U.S.C. 12101, et seq.)

58.    The Plaintiff reavers the allegations of paragraphs 1 through 57 of this complaint.

59.    The Defendants Carey's Flowers and James Carey did violate the federally protected rights of the Plaintiff Debra Bohonowicz and 42 U.S.C., Sec. 2613. and by amendments V and XIV of the Constitution of the United States of America in the manner and by the acts set forth hereinafter in this count.

60.    The Defendants Carey's Flowers and James Carey did terminate the Plaintiff, a qualified individual with a disability because of her disability.

61.    As a result of the acts of the Defendants Carey's Flowers and James Carey the Plaintiff, Debra Bohonowicz suffered emotional injury, embarrassment and humiliation and psychological harm.

### COUNT VIII
### Violation of American with Disabilities Act
### Lack of Reasonable Accommodation
### (42 U.S.C. 12101, et seq.)

62.    The Plaintiff reavers the allegations of paragraphs 1 to 61 of this complaint.

63.    The Defendants, Carey's Flowers and James Carey did violate the federally protected rights of the Plaintiff Debra Bohonowicz and 42 U.S.C., Sec. 2613. and by amendments V and XIV of the Constitution of the United States of America in the manner and by the acts set forth hereinafter in this count.

64.    The Defendants Carey's Flowers and James Carey did not offer the Plaintiff, a qualified employee, reasonable accommodation and terminated her in spite of the fact that such accommodation would have not been difficult or costly.

65.    As a result of the acts of the Defendants Carey's Flowers and James Carey, the Plaintiff Debra Bohonowicz suffered emotional injury, embarrassment and humiliation and psychological harm.

14

Wherefore, the Plaintiff demands judgment against the Defendants Carey's Flowers and James Carey and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.


## COUNT IX
## Handicapped Discrimination
## (G.L. c. 151B, Sec. 1(17))


66.    The Plaintiff reavers the allegations of paragraphs 1 to 65 of this complaint.


67.    The Defendants Carey's Flowers and James Carey did violate the rights of the Plaintiff Debra Bohonowicz under the laws of the Commonwealth and under G.L. c. 151B, Sec. 1(17) in the manner and by the acts set forth hereinafter in this count.


68.    The Defendants Carey's Flowers and James Carey did terminate the Plaintiff, a person who was a qualified handicapped person because of the Plaintiff's handicap.


69.    As a result of the acts of the Defendants Carey's Flowers and James Carey, the Plaintiff Debra Bohonowicz suffered emotional injury, embarrassment and humiliation and psychological harm.

15

## COUNT X
### Lack of Reasonable Accommodation
### (G.L. c. 151B, Sec. 1(17))

70.    The Plaintiff reavers the allegations of paragraphs 1 to 69 of this complaint.

71.    The Defendants Carey's Flowers and James Carey did violate the Plaintiff's protected rights under the laws of the Commonwealth and under G.L. c. 151B, Sec. 1(17) in the manner and by the acts set forth hereinafter in this count.

72.    The Defendants Carey's Flowers and James Carey did not offer the Plaintiff, a qualified employee reasonable accommodation in spite of the fact that such accommodation would have not been difficult or costly.

73.    As a result of the acts of the Defendants Carey's Flowers and James Carey the Plaintiff Debra Bohonowicz suffered emotional injury, embarrassment and humiliation and psychological harm.

Wherefore, the Plaintiff demands judgment against the Defendants Carey's Flowers and James Carey and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.

## COUNT XI
### Retaliation

74.     The Plaintiff reavers the allegations of paragraphs 1 to 73 of this complaint.

75.     The Defendants Carey's Flowers and James Carey did violate the Plaintiff's protected federal Constitutional rights under the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq., under the V and IV Amendments to the United States Constitution and under the laws of the Commonwealth and under G.L. c. 151B in the manner and by the acts set forth hereinafter in this count.

76.     The Defendants Carey's Flowers, James Carey, and Ralph Liebro retaliated against the plaintiff Debra Bohonowicz because the Plaintiff discussed filing a complaint with the MCAD, opposed the employer's practices of creating a sexually hostile environment and opposed the employer's not making reasonable accommodations for the Plaintiff's qualified disability/handicap.

77.     As a result of the acts of the Defendants Carey's Flowers, James Carey, and Ralph Liebro the plaintiff Debra Bohonowicz suffered emotional injury, embarrassment and humiliation and psychological harm.

17

Wherefore, the Plaintiff demands judgment against the Defendants Carey's Flowers, James Carey, and Ralph Liebro and compensatory damages, costs and attorney's fees, and such other relief as the court deems just.


Plaintiff makes a demand for a jury on the claims as above described.


THE PLAINTIFF

Debra Bohonowicz

By: _____

Her Attorney
Alan J. Black, Esquire
1383 Main Street
Springfield, MA  01103
(413) 732-5381

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Debra Bohonowicz | Carey's Flowers, James Carey and Ralph Liebro |

| (b)  County of Residence of First Listed Plaintiff    Franklin | County of Residence of First Listed Defendant    Hampshire |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |

| (c)  Attorney's (Firm Name, Address, and Telephone Number)<br>Alan J. Black, Esq.<br>1383 Main Street, Springfield, MA 01103 Phone # 413-732-5381 | Attorneys (If Known) |
|---|---|

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | Sentence | ☐ 790 Other Labor Litigation | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | Security Act | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☒ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☒ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S. Code 12208 and 42 U.S. Code 2000

Brief description of cause:
Discrimination based upon disability and sexual harassment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 06/24/2005 | _(signature)_ |

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

3D59 18

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. Title of case (name of first party on each side only)   Debra Bohonowicz v. Carey's Flowers

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.   (See local rule 40.1(a)(1)).

[✓]   I.      160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

[✓]   II.     195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

[ ]   III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

[ ]   IV.    220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

[ ]   V.     150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES [ ]    NO [✓]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

   YES [ ]    NO [✓]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES [ ]    NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES [ ]    NO [✓]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES [✓]    NO [ ]

   A.   If yes, in which division do all of the non-governmental parties reside?

        Eastern Division [ ]      Central Division [ ]      Western Division [✓]

   B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division [ ]      Central Division [ ]      Western Division [✓]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Alan J. Black
ADDRESS   1383 Main Street, Springfield, MA 01103
TELEPHONE NO.   413-732-5381

(CategoryForm.wpd  - 5/2/05)